IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-409-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE MCCARTY CORPORATION, | ) | |
| MIKE MCCARTY, TEMPLE GRADING | ) | |
| AND CONSTRUCTION COMPANY, INC., | ) | |
| and JOHN JOSEPH PARDA, | ) | |
| | ) | |
| Defendants. | ) | |

On August 12, 2013, defendants John Joseph Parda and Temple Grading and Construction Company, Inc. filed a motion to strike portions of plaintiff's complaint and certain exhibits [D.E. 18]. On August 19, 2013, defendants Mike McCarty and the McCarty Corporation ("McCarty defendants") filed a motion to strike portions of plaintiff's complaint and certain exhibits [D.E. 21]. Defendants rely on Federal Rule of Civil Procedure 12(f) and Federal Rule of Evidence 408 in support of the motions to strike. Plaintiff opposes the motions to strike [D.E. 25, 30].

The court has reviewed the record and the briefs. Motions to strike are disfavored. See, e.g., Waste Mgt. Holdings, Inc. v . Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). On the current record, the court cannot conclude that the disputed portions of the complaint or the disputed exhibits are inadmissable under Rule 408. See, e.g., Fed. R. Evid. 408; Fiberglass Insulators, Inc. v. Duffy, 856 F.2d 652, 654–55 (4th Cir. 1988); see also Ray Comms., Inc. v. Clear Channel Comms., Inc., 673 F.3d 294, 306 (4th Cir. 2012); Croskey v. BMW of N. Am., Inc., 532 F.3d 511, 519 (6th Cir. 2008); Johnson v. Hugo's Skateway, 974 F.2d 1408, 1413 (4th Cir. 1992) (en banc); Bituminous Constr.

v. Rucker Enters., Inc., 816 F.2d 965, 969 (4th Cir. 1987); United States v. Peed, 714 F.2d 7, 9–10 (4th Cir. 1983). Accordingly, the motions to strike [D.E. 18, 21] are denied. This ruling, however, does not address whether evidence in support of the disputed allegations or the disputed exhibits will be admissible at summary judgment or at trial. Cf. Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 408.

As for the McCarty defendants' motion to dismiss plaintiff's complaint under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 23], the court has reviewed the complaint under Rule 9(b)[1] and Rule 12(b)(6).[2] Plaintiff has "nudged" its complaint across the line from conceivable to plausible with respect to plaintiff's first, second, and third causes of action against the McCarty defendants. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This conclusion necessarily means that counts one, two, and three in plaintiff's complaint against the McCarty defendants also satisfy Rule 9(b) under governing Fourth Circuit precedent. See, e.g., McCauley v. Home Loan Inv. Bank, FSB, 710 F.3d 551, 559–60 (4th Cir. 2013); United States ex rel. Nathan v. Takada Pharms, 707 F.3d 451, 455–61 (4th Cir. 2013); Dunn v. Borta, 369 F.3d 421, 426–35 (4th Cir. 2004). With that said, the McCarty defendants' motion to dismiss (which includes citations to material that the court cannot consider under Rule 12(b)(6)) raises serious issues about the government's claims in counts one, two, and three against the McCarty defendants. Cf., e.g., Arnold M. Diamond, Inc. v. Dalton, 25 F.3d 1006,

---

[1] See, e.g., McCauley v. Home Loan Inv. Bank, FSB, 710 F.3d 551, 559–60 (4th Cir. 2013); United States ex rel. Nathan v. Takada Pharms. N. Am., 707 F.3d 451, 455–61 (4th Cir. 2013); Adkins v. Crown Auto, Inc., 488 F.3d 225, 231–32 (4th Cir. 2007); Dunn v. Borta, 369 F.3d 421, 426–34 (4th Cir. 2004); United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921–22 (4th Cir. 2003).

[2] See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

2

1009–10 (Fed. Cir. 1994); United States v. Turner Constr. Co., 827 F.2d 1554, 1558–62 (Fed. Cir. 1987). Simply because counts one, two, and three in the government's complaint against the McCarty defendants have nudged across the lines required by Rules 9(b) and 12(b)(6) does not mean that, on a full record, the government's claims against the McCarty defendants will survive a motion for summary judgment. As for the government's quasi-contract claims against the McCarty defendants in counts four and five, see Compl. [D.E. 1] ¶¶ 140–47), the government has withdrawn those claims. See [D.E. 29] 29.

In sum, defendants' motions to strike [D.E. 18, 21] are DENIED. The McCarty defendants' motion to dismiss [D.E. 23] is DENIED. The quasi-contract claims against the McCarty defendants in counts four and five of the complaint (Compl. ¶¶ 140–47) are withdrawn and are no longer part of the case against the McCarty defendants.

SO ORDERED. This 23 day of December 2013.

JAMES C. DEVER III
Chief United States District Judge