IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-409-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE MCCARTY CORPORATION, MIKE | ) | |
| MCCARTY, TEMPLE GRADING AND | ) | |
| CONSTRUCTION COMPANY, INC., and | ) | |
| JOHN JOSEPH PARDA, | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court on the motion (D.E. 47) by plaintiff ("the government") to excuse certain individuals from in-person attendance at the court-hosted settlement conference scheduled for 4 June 2014 (*see* D.E. 44). Defendants The McCarty Corporation and Mike McCarty oppose the motion. (*See* D.E. 48). Defendants Temple Grading and Construction Company, Inc. and John Joseph Parda, Jr. take no position on the government's motion. (*See* D.E. 50).

After careful consideration of the parties' respective positions in light of the objective of having a productive conference, the court excuses United States Attorney Thomas Walker and Chief Counsel Earl Stockdale of the U.S. Army Corps of Engineers from in-person attendance at the 4 June 2014 settlement conference, but directs that Chief Counsel Stockdale be available by telephone during the conference. Civil Chief Rudy Renfer of the United States Attorney's Office is excused from in-person attendance, but shall be available by telephone during the conference and shall also be available to join the conference in person should the court so direct.

It is the undersigned's experience in cases similar to this one that the foregoing arrangements do not impair the effectiveness of a settlement conference. The court does not believe that such arrangements will impede the settlement conference on 4 June 2014 in this case. Nevertheless, nothing in this Order shall be deemed to limit the court's discretion with respect to arrangements for any other settlement conference sessions in this case. In particular, the court reserves the prerogative not to excuse the in-person attendance of Chief Counsel Stockdale at any future sessions should his non-attendance in person at the 4 June 2014 session prove, unexpectedly, to be problematic.

Except as provided herein, the persons required by Local Civil Rule 101.2(d)(1), E.D.N.C. to attend the settlement conference on 4 June 2014 in person shall do so. The exclusions from the in-person attendance requirement provided for herein apply only to the 4 June 2014 settlement conference and not any future settlement conference sessions in this case.

For the foregoing reasons, the government's motion (D.E. 47) is ALLOWED IN PART and DENIED IN PART on the terms set forth above.

SO ORDERED, this the 30th day of May 2014.

_____
James E. Gates
United States Magistrate Judge

2

Case 5:13-cv-00409-D   Document 52   Filed 05/30/14   Page 2 of 2